## TARHOF v STATE

Ohio Appeals, 7th Dist, Mahoning Co

Kaufman & Neiman, Youngstown, for Tarhof.

R. L. Thomas, Prosecuting Attorney, Youngstown, for State.

ROBERTS, J.

This is an error proceeding in this court seeking a reversal of a judgment of the Court of Common Pleas wherein Tarhof was found guilty of illegal possession of intoxicating liquor and fined eight hundred dollars and costs. Prejudicial eror is claimed to have occurred in several respects. The first is that the amount of the fine is such as to constitute a cruel and unusual punishment. Unlike the other previous case, counsel sought to cite an authority in this case, **69 Ohio St., 211**, the title of the case is not given, but we find nothing pertinent to this case in the volume and page cited. However, it is not necessary, we take it, to discuss the proposition in this case further in view of what has been said in the Jurovich case. This contention is not found to be well taken by counsel for plaintiff in error.

Some complaint is made about the introduction of incompetent testimony where the officers testified, one to having received some information concerning Tarhof's business, but this testimony was not objected to at the time it was received so that error can not be predicated upon that ground. Objection is made as to memorandum kept by one of the officers as to the date. There is some discrepancy as to the date of the raid. The officer first thinks the date was the 2nd of October, finally concluding it was on the 29th. This discrepancy is also suggested by counsel. It does not seem to be important, however. The first witness who thought the date was the 2nd of October, upon ascertaining the day of the week of these two dates, concluded that the 29th was correct and thus agreed with the other witness.

The principle contention made in this case is on the weight of the evidence. Two officers, Urban Denny and John Smith, testified in effect that they went to the place of this defendant below at East Alliance, where he owned and operated a grocery and a residence; that there were some out buildings back of the residence some sixty feet in back of them in what is denominated as an alley, but what the evidence indicates was a nine foot wide enclosure, the major portion of which was occupied by a ditch. These men testify one went behind the ditch and one behind the garage and after waiting an hour Tarhof came out of the house and proceeded back to the alley or ditch, where one man was hidden. These men had previously discovered there two bottles of whisky in a sack. They testified that Tarhof came out and picked up the bag with the bottles in it and started toward the house. He was called upon to halt by the officers when he was within a few feet of where the bottles were lying and he commenced to run and ran into the arms of another officer who came from behind the garage. They took him in the house and examined the contents of the bag and found these two bottles of liquor, which they say was moonshine whisky, I am not sure whether that is the precise designation given it, but anyway illicit whisky, and they also testify to their having tested it by tasting and smelling, and they pronounced it fit for beverage purposes.

Some question is made as to the sufficiency of testing to determine whether it was fit for beverage purposes and so forth. However, that is not important whether it contained the precise amount of alcoholic content, because under **6212-14 GC** under "Interpretation; definition of words and phrases", whisky is denominated intoxicating liquor, and then there is the further provision where other liquids contain more than one half of one per cent of alcoholic

content and fit for beverage purposes.

The only witness who testified for the defendant was the defendant himself. He denies the testimony of the officers and says they came back to the house and had the bottles with them and planted them on him and he was not guilty, an incredible story. The officers evidently were telling the truth and their testimony was so regarded by the trial court.

We are of the opinion that the trial court did not err in finding the defendant guilty under the evidence in this case and the judgment of the court of common pleas is affirmed.

Pollock and Farr, JJ, concur.